```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:08-00005

**BRIAN TRAVIS BAYS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

This date the United States of America appeared by Steven I. Loew, Assistant United States Attorney, and the defendant, Brian Travis Bays, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the Second and Third Amendments to the petition on supervised release, as well as the petition itself, submitted by United States Probation Officer Patrick M. Fidler and filed on October 7, 2015. The defendant commenced a thirty-month term of supervised release in this action on June 12, 2015, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on April 24, 2015. The court notes that a hearing was held on August 24, 2016, with respect to the Petition filed on October 7, 2015, and the initial amendment thereto. By order entered on September 1,

2016, the court made findings with respect to the violations set forth in the petition and initial amendment, held the petition in abeyance, and modified the conditions of supervised release as set forth therein.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following additional respects: (1) the defendant failed to abide by the special condition that he participate in the 9 to 12 month Recovery Point program which he entered on October 7, 2016, as directed by the court in its order entered September 1, 2016, and from which he was prematurely discharged on March 3, 2017, due to being placed on certain medications for his mental health that were not allowed in that facility, after which the probation officer made substitute arrangements for him to participate in the residential treatment program at Prestera's Riverside facility, which substitution was approved by the court, consisting of a short-term program that he entered into on April 19, 2017, and successfully completed on May 15, 2017, and a long-term three to

six month program at Presetera Riverside which he entered on May 15, 2017, and from which he was discharged on June 29, 2017, due to his failure to return to the program on June 28, 2017, after curfew, rendering his whereabouts unknown; and (2) the defendant used and possessed marijuana as evidenced by a positive urine sample submitted by him on August 2, 2017; all as admitted by the defendant on the record of the hearing and all as set forth in the Second and Third Amendments to the petition as well as the petition itself and the initial amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the

United States Bureau of Prisons for imprisonment for a period of **FOUR (4) MONTHS**, to be followed by a term of two (2) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he reside in a community confinement center for a period of six (6) months commencing immediately upon his release from imprisonment or as soon as space for him is available, where he shall follow the rules and regulations of the facility, and participate in drug abuse and mental health counseling and treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 1, 2017

John T. Copenhaver, Jr.
United States District Judge